### In re RULE AMENDMENT.

Docket No. 760428-Rule.    Order No. 7586.

Florida Public Service Commission.

January 13, 1977.

Lee L. Willis, Tallahassee, for Tampa Electric Co., protestant.

Richard W. Neiser, St. Petersburg, for Florida Power Corp., protestant.

Matthew W. Childs, Miami, for Florida Power & Light Co., protestant.

Guyte McCord, III, Tallahassee, for Gulf Power Co., protestant.

Woodie A. Liles, Office of Public Counsel, for Citizens of Florida, intervenors.

Norman H. Horton, Jr., for the commission staff and the public generally.

The following commissioners participated in the disposition of this matter — PAULA F. HAWKINS, Chairman, and Commissioners WILLIAM T. MAYO and WILLIAM H. BEVIS.

BY THE COMMISSION.

Pursuant to notice, the commission by its duly designated hearing examiner, William B. Thomas, held a public hearing on this matter in Tallahassee on July 30, 1976.

By Order No. 7261 entered June 4, 1976, we proposed to amend Rule 25-6.105 by adding thereto subsection (10) to read as follows —

"(10) No utility shall discontinue service to any non-commercial customer between 12:00 noon on a Friday and 8:00 a. m. the following Monday or between 12:00 noon on the day preceding a holiday and 8:00 a. m. the next working day unless such discontinuance is at the request of the customer or is necessary in the interest of safety. Holiday as used in this subsection shall mean New Year's Day, Memorial Day, July 4, Labor Day, Thanksgiving Day and Christmas Day."

Upon notice, timely requests for a hearing were received and one was ultimately held on July 30, 1976, before a duly designated hearing examiner of this commission. Subsequent to the hearing, proposed findings of fact were submitted and the examiner entered his findings of fact and conclusions. It was the recommendation of the examiner that the proposal be adopted but that it be modified by changing the 12:00 requirement to 5:00. In their exceptions the companies further modified the rule to include two additional

exceptions. We accept the modification of the companies but reject that of the examiner.

At the hearing a member of this commission's staff testified as to the purpose and need for this rule. Currently there are no restrictions on discontinuing service to residential customers on weekends or holidays. It was pointed out that the purpose of this rule is to prevent disconnections and attendant inconveniences and possible hazards and adoption of the rule would be in the interests of the public. There are times when customers are disconnected because of oversight or preoccupation and these are the customers we are concerned with even though others will benefit also.

Representatives from the protesting electric companies presented evidence in opposition to the proposed amendment. All of them have the capability of restoring service on weekends and holidays, and do promptly restore disconnected service during these periods upon payment or promise of payment by the customer. However, such a practice is of no benefit to a customer whose service is disconnected while away from home on a weekend, and who cannot seek restoration until as many as two days have elapsed without electricity. Since the present policy of the companies generally is not to disconnect service on weekends and holidays, it is the portion of the proposed rule which would prohibit disconnections between the hours of noon and 5:00 p. m. on Friday, and during these hours on the day prior to one of the specified holidays, to which the most objections are directed. Company personnel normally work a regular five day week from Monday morning to Friday afternoon, and according to the companies, the language of the proposed rule could cause a disruption of existing employee work schedules, and an additional expense to the companies. Based on this, the examiner recommended that the rule be modified by changing 12:00 to 5:00 and the main objections to the rule would thereby be obviated. While such may be the case, we believe the intent of the rule would also be destroyed. It is the purpose of this rule to prohibit disconnection during certain periods and this change would not accomplish this and we, therefore do not accept this modification.

The protestants have, in their exceptions, recommended that the rule be further modified by adding what appear as subsections (c) and (d) in the proposal adopted below. We concur with the companies that these are necessary and serve to clarify the rule and thus we adopt these modifications.

The protestants have also argued that there is insufficient evidence to support the adoption of the rule and that the rule notice is not sufficient in that it does not comport with the economic

impact statement requirement. As to the question as to whether or not there is suficient evidence to support this rule, we find, as did the hearing examiner, that there is. The rule is adopted pursuant to the authority contained in Section 120.54, Florida Statutes, Section 366.05, F. S. and implements Section 366.05, F. S. The rule is necessary in the interest of public convenience and welfare and in order to secure adequate service and the evidence submitted establishes the need and supports the adoption of the proposal.

As to the contention pertaining to the economic impact statement, it is noticed that the act which the protestants allege has been violated was not effective until July 1, 1976. This proceeding was initiated June 4, 1976, and the law was not in effect at the time of initiation. The notice of hearing published in the Florida Administrative Weekly contained an economic impact statement, and no objectons have been raised.

Accordingly, we believe the rule should be adopted as originally proposed by this commission and as modified by the protestants in their exceptions. We believe the modifications that we are adopting to be justified and in the best interests of the public, the companies and this commission.

It is therefore ordered that Rule 25-6.105 be amended by adding thereto a subsection (10) to read as follows —

(10) No utility shall discontinue service to any non-commercial customer between 12:00 noon on a Friday and 8:00 a. m. the following Monday or between 12:00 noon on the day preceding a holiday and 8:00 a. m. the next working day. Provided, however, this prohibition shall not apply when:

(a) Discontinuance is requested by or agreed to by the customer; or

(b) A hazardous condition exists; or

(c) Meters or other utility owned facilities have been tampered with; or

(d) Service is being obtained fraudulently or is being used for unlawful purposes.

Holiday as used in this subsection shall mean New Year's Day, Memorial Day, July 4, Labor Day, Thanksgiving Day and Christmas Day.

It is further ordered that a copy of this order and the rules adopted shall be filed as required by Section 120.54, Florida Statutes and shall become effective as provided by law.

Commissioner BEVIS dissents as to establishing the weekend period to begin at 12:00 noon rather than 5:00 p. m.